# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| STEPHEN CAULFIELD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 6:20-cv-03278-RK |
| TEXAS ROADHOUSE HOLDINGS, LLC, | ) ) ) |
| Defendant. | ) |

## ORDER TO COMPEL PRODUCTION OF DOCUMENTS FROM NONPARTY

Before the Court is Defendant's motion to compel production of medical records from Veterans Affairs, a nonparty in this action. (Doc. 28.)

This is a personal injury and premises liability action originally filed in Missouri state court and removed by Defendant to this Court under diversity jurisdiction. Plaintiff alleges while he was a customer at one of Defendant's restaurants, he slipped on peanut shells that were on the ground and fell, suffering numerous injuries including to his head, brain, face, nose, left eye, neck, and shoulders. (Doc. 1-2 at 1-3.) In August and September 2021, Defendant caused three subpoenas to be issued by this Court and served on several Veterans Affairs medical facilities, including: the Veterans Health Care System of the Ozarks in Fayetteville, Arkansas; Gene Taylor Veterans' Outpatient Clinic in Republic, Missouri; and Branson VA Clinic in Branson, Missouri. (*See* Doc. 28-1.) The subpoenas directed the facilities to produce "[a]ny and all medical records and medical films of Stephen Caulfield . . . related to his head, brain, face, nose left eye, neck, shoulders, diabetes, hyperglycemia, and hypoglycemia." (*Id.*) The subpoenas directed production of these medical records at the St. Louis, Missouri, office of the law firm representing Defendant in this case.

In its motion to compel, Defendant states it received a fax on September 5, 2021, from the VA Health Care System of the Ozarks refusing to produce the requested documents. (Doc. 28 at 2.) (Defendant attached the fax to its motion. (*See* Doc. 28-2.)) Defendant states it appealed the decision to the VA General Counsel on August 25, 2021 (*see* Doc. 28-3) and that this appeal was denied. (Doc. 28 at 2; *see* Doc. 28-4.) Defendant, accordingly, seeks an order from this Court directing the "VA [to] produce Plaintiff's records and films as set forth in the subpoenas served in

this case," to satisfy 5 U.S.C. § 522a(b)(11), allowing the VA (as a federal agency) to disclose Plaintiff's medical records in accordance with federal privacy law. (Doc. 28 at 3.)

It is not clear from the face of Defendant's motion the authority on which Defendant seeks such an order from this Court. As a motion to compel, however, the Court first turns to Federal Rule of Civil Procedure 37. Under Rule 37(a)(1), "[o]n notice to other parties and all affected persons, a party may move for an order compelling . . . discovery." Rule 37(a)(2) requires such motion to compel as to a *nonparty* "be made in the court where the discovery is or will be taken." In this instance, the discovery sought (Plaintiff's VA medical records) is to be produced outside this district in St. Louis, Missouri. Furthermore, while the Gene Taylor Veterans' Outpatient clinic and Branson VA Clinic appear to be within this district (facilities to which two of the three subpoenas for medical records were directed), Defendant states in its motion the facilities refused to accept service of process of the subpoenas. Instead, it appears the subpoenas directed to these two facilities were served on the Veterans Health Care System of the Ozarks in Fayetteville, Arkansas, which is outside this district.

As a second basis for Defendant's requested order, the Court considers Federal Rule of Civil Procedure 45. Under Rule 45(g), a court may hold in contempt "a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Under this rule, though, the court empowered to hold such a person in contempt is "[t]he court for the district where compliance is required" (or, "after a motion is transferred, the issuing court"). *Id.* As noted above, the subpoenas issued in this case require compliance outside this district. Additionally, no such motion has been transferred from the appropriate court to this Court (as the issuing court of these subpoenas).

For these reasons, Defendant's motion to compel (Doc. 28) is **DENIED without prejudice**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: November 12, 2021